**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MICHAEL FREDRIC MORA,** | ) | 1:07-CV-0830-0WW WMW HC |
| Petitioner, | ) | |
| | ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| vs. | ) | |
| | ) | |
| **W. J. SULLIVAN,** | ) | |
| Respondent. | ) | |

Petitioner is a state prison proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil rights

action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   In this case, Petitioner is not challenging his conviction, but rather is challenging the adequacy of the medical care he is receiving.   Petitioner also seeks both compensatory and punitive damages.   Accordingly, the proper vehicle for Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

Based on the above, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   November 6, 2007**            /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

2